FILED

1 | TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
2 | LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
3 | SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
4 | San Francisco, CA 94104-4816
Telephone: (415) 283-1000
5 | Facsimile:  (415) 352-2625

2013 NOV -6  PM 3: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

6

7 | Attorneys for Defendant
Edgewater Consulting Group, LLC

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | FRANK MILLER,

CASE NO. **CV13-08235** SJO
(SSx)

13 |          Plaintiff,

**NOTICE OF REMOVAL**

14

15 |     vs.

16 | EDGEWATER CONSULTING
GROUP, LLC, DBA EDGEWATER
17 | FINANCIAL SERVICES; PIONEER
CREDIT RECOVERY, INC.; and
18 | DOES 1-100, Inclusive,

19 |          Defendants.

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Edgewater Consulting Group, LLC, dba Edgewater Financial Services ("Edgewater"), a Washington limited liability company, hereby removes to this Court the state court action described below.

1.      On August 27, 2013, a complaint was filed against Edgewater by plaintiff Frank Miller ("Plaintiff"), in an action pending in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Frank Miller v. Edgewater Consulting Group, LLC et al.*, Case No. KC066277.  A copy of the state court Summons and Complaint and the Civil Case Cover Sheet and Addendum (collectively, "Complaint") that was served on Edgewater is attached hereto as **Exhibit A**.

2.      This removal petition is timely under 28 U.S.C. § 1446(b) because Edgewater was served on October 11, 2012.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that the Complaint asserts claims against Defendant allegedly arising under 15 U.S.C. § 1692 *et seq.* (the "Fair Debt Collection Practices Act") and 47 U.S.C. § 227 (the "Telephone Consumer Protection Act").  *See* Exhibit A, Complaint, ¶¶ 1, 19-28.

4.      As the Complaint was filed in the Superior Court of the State of California, County of Los Angeles, venue in this District is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(c)(2) (Central District, Western Division comprises, *inter alia,* the county of Los Angeles).

5.      Co-Defendant PIONEER CREDIT RECOVERY, INC. ("Pioneer") consents to the removal of this action.  A true and correct copy of Pioneer's consent form is attached hereto as **Exhibit B**.

1    6.    Defendant is represented by the undersigned.

2

3    DATED: November 6, 2013           SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
4                                      LINDSEY A. MORGAN

5

6                                      By:   s/ Lindsey A. Morgan
7                                            Lindsey A. Morgan
                                             Attorneys for defendant
8                                            Edgewater Consulting Group, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Edgewater Consulting Group, LLC, dba Edgewater Financial Services;<br>Pioneer Credit Recovery, Inc.; and DOES 1-100, Inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Frank Miller | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ORIGINAL FILED**<br><br>AUG 27 2013<br><br>LOS ANGELES<br>SUPERIOR COURT |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California<br>County of Los Angeles, East District, Pomona Courthouse South,<br>400 Civic Center Plaza, Pomona, CA 91766 | CASE NUMBER:<br>*(Número del Caso)*<br>**KC066277** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ian Chowdhury (sbn199018), 8853 Fullbright Ave., Winnetka, CA 91306, ph.:818-407-0510

| DATE: AUG 27 2013 | JOHN A. CLARKE | Clerk, by | E. Fregoso | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Edgewater Consulting Group, LLC
   dba Edgewater Financial Services
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*CASE ASSIGNED FOR ALL PURPOSES TO JUDGE BRUCE MINTO DEPT. H*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ian Chowdhury (199018)
Law Office of Ian Chowdhury
8853 Fullbright Avenue
Winnetka, CA 91306
TELEPHONE NO: 818-407-0510    FAX NO: 818-337-2215
ATTORNEY FOR (Name): Frank Miller

**ORIGINAL FILED**

AUG 27 2013

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona
BRANCH NAME: Pomona Courthouse (South)

CASE NAME:
Miller v. Edgewater Consulting Group, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | KC 066 292 |
| | | JUDGE: |
| | | DEPT: H |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/23/2013

Ian Chowdhury
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependant Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Miller v. Edgewater Consulting Group, LLC et al. | CASE NUMBER **KC066277** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ● YES   CLASS ACTION? ○ YES   LIMITED CASE? ○ YES   TIME ESTIMATED FOR TRIAL 3 □ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | □ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | □ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | □ A6070 Asbestos Property Damage | 2. |
| | | □ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | □ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | □ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | □ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | □ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | □ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | □ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | □ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Miller v. Edgewater Consulting Group, LLC et al. | CASE NUMBER | KC066277 |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Miller v. Edgewater Consulting Group, LLC et al. | CASE NUMBER: KC066277 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Miller v. Edgewater Consulting Group, LLC et al. | CASE NUMBER: K C 0 6 6 2 7 |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> ☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 16217 Flamstead Drive |
|---|---|

| CITY: Hacienda Heights | STATE: CA | ZIP CODE: 91745 |
|---|---|---|

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Pomona (South) courthouse in the East _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 8/23/2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

NOTICE SENT TO:

CHOWDHURY, IAN D., ESQ
8853 FULLBRIGHT AVENUE
WINNETKA          CA   91306

**ORIGINAL FILED**

FILE STAMP

AUG 27 2013

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| FRANK MILLER | | **CASE NUMBER** |
| | Plaintiff(s), | KC066277 |
| VS. | | |
| EDGEWATER CONSULTING GROUP, LLC | | **NOTICE OF CASE** |
| | Defendant(s). | **MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  January 28, 2014  at  8:30 am  in  Dept. EA H at 400 Civic Center Plaza, Pomona, California, 91766.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: August 27, 2013

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: August 27, 2013

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk



ORIGINAL FILED

AUG 27 2013

LOS ANGELES
SUPERIOR COURT

1  Ian D. Chowdhury (Bar No. 199018)
   Law Office of Ian Chowdhury
2  8853 Fullbright Avenue
   Winnetka, CA 91306
3  Telephone: (818) 407-0510
   Facsimile: (818) 337-2215
4  Email: ian@ianchowdhury.com

5  Attorney for Plaintiff
   Frank Miller
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10  Frank Miller,                          Case No.  KC066277  **H**

11                          Plaintiff,

12      v.                                 **COMPLAINT**

13  Edgewater Consulting Group, LLC, dba   VIOLATIONS OF FDCPA, TCPA AND
    Edgewater Financial Services; Pioneer Credit   UNFAIR COMPETITION LAWS
14  Recovery, Inc.; and DOES 1-100, Inclusive,

15                          Defendants.    DEMAND FOR JURY TRIAL

16

17

18

19                                    CASE ASSIGNED FOR
20                                    ALL PURPOSES TO
                                      JUDGE BRUCE MINTO
21                                    DEPT. H

22

23

24

25

26

27

28

MILLER V. EDGEWATER ET AL.

# I. INTRODUCTION

1.      Plaintiff brings this case pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692 et seq., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. and pursuant to California's unfair competition laws ("UCL") California Business & Professions Code § 17200 et seq.

2.      Three main categories of conduct are at issue: First, Defendants Edgewater Consulting Group, LLC dba Edgewater Financial Services ("Edgewater") and Pioneer Credit Recovery Inc. ("Pioneer") attempted to collect money from Plaintiff Frank Miller by falsely telling Miller that their (Defendants') collection efforts were sanctioned by the U.S. Department of Education (the "DOE"). Defendants' false statements were designed to cloak Defendants' improper collection activities with a false aura of legitimacy. In actuality, the DOE never authorized Pioneer to delegate collection responsibilities to Edgewater, and Defendants did not follow the consumer and privacy protection standards that the DOE requires of its legitimate contractors.

3.      Second, Defendants' conduct during collection phone calls violated the law. Defendants called Miller's elderly father for the improper purpose of pressuring him into taking-on the role of a proxy-debt collector against his son, which caused turmoil between Miller and his father and humiliation and emotional distress for Miller. During later phone calls, Defendants made misrepresentations directly to Miller.

4.      Third, in violation of the TCPA, Defendants engaged in a campaign of robo-calls against Miller, to an unlisted cell phone number, despite the fact that there was no prior consent to receive such calls.

# II. JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in Los Angeles County, have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through their collection activities.

6. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 393 and 395 because Defendants do business in Los Angeles County and receive significant payments from customers in Los Angeles County, and a substantial part of the events or omissions giving rise to the claims occurred in Los Angeles County.

### III. PARTIES

7. Plaintiff Frank Miller is a natural person and a resident of Los Angeles, California, in the County of Los Angeles.

8. Defendant Edgewater Consulting Group, LLC dba Edgewater Financial Services is, on information and belief, a limited liability corporation registered in Washington State, and doing business throughout California, including in Los Angeles County.

9. Defendant Pioneer Credit Recovery, Inc. is, on information and belief, a Delaware corporation. It does business in California, including in Los Angeles County.

10. Defendants acted each on their own behalf and also through one another and on each other's behalf, by agreement, to commit the acts alleged herein. Each defendant is an agent or apparent agent for all other defendants, and is directly and vicariously responsible for their actions, either by agreement or by operation of law, including, inter alia, the laws of actual or apparent agency, and conspiracy.

11. The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of defendants named herein as DOES 1-100 are unknown to plaintiffs at this time, and are therefore sued by such fictitious names pursuant to Code of Civil Procedure Section 474. Plaintiffs will amend this complaint to allege the true names and capacities of DOES 1 through 100 when they become known to plaintiffs. Each of DOES 1 through 100 is in some manner legally responsible for the violations of law alleged herein.

12. The acts charged in this Complaint as having been done by defendants and the DOE defendants were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of the defendants' businesses or affairs.

1

## IV.  GENERAL ALLEGATIONS

2      13.    On or about January 25, 2013, Defendants sent a collection letter to Miller, stating

3  that "the U.S. Department of Education has authorized Pioneer Credit Recovery, Inc. to

4  subcontract the servicing of your account to Edgewater Financial Services" and stating that Miller

5  "must contact" Edgewater to arrange payments, and also stating that Pioneer and Edgewater would

6. be entitled to "up to 25% of the dollar amount collected" on Miller's alleged account.  Defendants'

7  false assertion that Edgewater is authorized by the DOE carries with it a host of other implied

8  representations.  These implied representations include that Edgewater is a legitimate collection

9  company that has been properly vetted by the DOE; that Edgewater has undergone a stringent

10 approval process by the DOE; that Edgewater personnel are properly trained and will conduct

11 collection activities with a high level of professionalism, and that Edgewater will maintain

12 stringent safeguards concerning the privacy of individuals from whom Edgewater would seek to

13 collect, ostensibly on behalf of the U.S. government.

14      14.    In actuality, the DOE never authorized Pioneer to subcontract any collection

15 activities to Edgewater.  Edgewater has never been approved by the DOE to perform any collection

16 activities.  On information and belief, Edgewater does not have the infrastructure in place to

17 implement privacy protection measures required of DOE contractors, nor does it have the

18 technology required to allow phone call monitoring by DOE personnel, as is also required of DOE

19 contractors. Edgewater's personel are not sufficiently trained in proper collection and privacy

20 protection protocols, and certainly Edgewater's personnel do not conduct themselves in a

21 professional manner or in conformity with the FDCPA when interacting with the public

22      15.    On or about January 22, 2013, an individual from Edgewater who identified himself

23 as "Luis" placed a telephone call to Miller's 80-plus-year-old father.  Luis was belligerent and

24 aggressive towards Miller's father, and also disregarded Miller's privacy by stating to Miller's

25 father that Miller owed money on his student loan.  Luis recruited Miller's confused and elderly

26 father by intimidating Miller's father into contacting Miller with collection requests on behalf of

27 Edgewater.  Luis also intimidated Miller's father into providing an unlisted cell phone number at

28 which Edgewater could try to contact Miller.  Miller's father initially refused to provide the cell

MILLER V. EDGEWATER ET AL.                                                                    3

1   phone number, but Luis brow-beat the elderly man into doing so, and also intimidated Miller's

2   father into contacting Miller on Edgewater's behalf and telling Miller to pay Edgewater.

3        16.    When Miller's father then contacted Miller on Edgewater's errand, conflict ensued

4   between Miller and his father snowballing into significant upheaval and emotional distress for

5   Miller. The upheaval in the relationship between Miller and his father also led to mental and

6   emotional deterioration for Miller's father so severe that it required Miller to have to expend funds

7   to travel to New Mexico to retrieve his father and to arrange for new living accomodations and

8   professional mental care for him in California where Miller could better monitor him.

9        17.    On or about January 28, 2013, a woman from Edgewater contacted Miller at the

10   unlisted cell phone number that Luis had wheedled from Miller's father. Miller asked where the

11   woman had obtained the phone number, and Luis himself, apparently monitoring the call, broke-

12   into the conversation screaming, "my answer to you is are you gonna pay this or not?" Thereafter,

13   Defendants placed additional calls to the unlisted cell phone, making misrepresentations to Miller

14   each time. In or around early March of 2013, an Edgewater caller told Miller that if Miller

15   provided his credit card number to enable an easy $5/month payment plan, then in nine months

16   Miller's student loan would be taken out of "default" status. The caller explained that the

17   $5/month plan could not be provided in writing, because it was a "secret" DOE program that could

18   not be publicized. These were false representations intended to persuade Miller to provide his

19   credit card number. During another call in March of 2013, Luis again spoke to Miller, and told

20   Miller that a new law had just been passed that would prevent Miller from renewing his California

21   State Bar membership and continuing as a licensed attorney if Miller did not begin making

22   payments to Edgewater. In fact, there was (and is) no such law.

23        18.    Additionally, Pioneer initiated a campaign of robo-calls using an automatic

24   telephone dialing system from 732-379-5510 to the cell phone number that Luis had wheedled out

25   of Miller's father, and then leaving messages on the associated cellular telephone service by means

26   of an artificial or pre-recorded voice. Such calls (and messages) occurred on at least (but are not

27   limited to) March 20, 2013 at 11:39AM, March 21, 2013 at 9:16AM, and April 2, 2013 at

28

12:32PM. At no time has Miller or anyone else consented to receive collection or solicitation calls at the cell phone number where these calls were received.

## FIRST CAUSE OF ACTION
### (FAIR DEBT COLLECTION PRACTICES ACT)
### (ALL DEFENDANTS)

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained above, except to the extent that any such allegations are inconsistent with the allegations in this cause of action, in which case any such inconsistent allegations in the instant claim are made in the alternative.

20. Defendants are debt collectors under the terms of the Fair Debt Collection Practices Act, and by doing the things alleged herein, were engaged in the attempted collection of consumer debts and were legally bound to comply with the proscriptions of the Act.

21. Defendants violated at least the following provisions of the Act: 15 U.S.C. Sections 1692c(b), 1692e and 1692f, including the subsections thereof.

22. Defendants' violations of the FDCPA include misrepresentations that DOE had approved of Edgewater's collection activities and the false implications that Edgewater's conduct therefore met DOE standards of acuracy, professionalism and privacy protection. Further misrepresentations concerned non-existent repayment programs and false threats that Miller's license to practice law hinged on paying Defendants.

23. Defendants' violations of the Act include unfair collection activity such as making the aforementioned misrepresentations, recruiting Miller's father as a defacto collector, and placing robo-calls to an unlisted cell phone number without consent.

24. WHEREFORE, Plaintiff respectfully requests that this Court grant such relief as is requested in the below Prayer for Relief.

## SECOND CAUSE OF ACTION
### (TELEPHONE CONSUMER PROTECTION ACT)
### (ALL DEFENDANTS)

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained above, except to the extent that any such allegations are inconsistent with the allegations

MILLER V. EDGEWATER ET AL.                                                        5

in this cause of action, in which case any such inconsistent allegations in the instant claim are made in the alternative.

26. Defendants violated the TCPA in infringed upon Plaintiff's rights under that act, by making calls other than calls for emergency purposes, and without consent of the called party, using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service.

27. On information and belief, Defendants, in pertetrating these calls, willfully or knowingly violated 47 U.S.C. § 227(b).

28. WHEREFORE, Plaintiff respectfully requests that this Court grant such relief as is requested in the below Prayer for Relief.

### THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION LAW)
### (ALL DEFENDANTS)

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained above, except to the extent that any such allegations are inconsistent with the allegations in this cause of action, in which case any such inconsistent allegations in the instant claim are made in the alternative.

30 Defendants' conduct as described above constitutes unlawful, unfair and fraudulent business acts or practices under Business and Professions Code § 17200 et seq.

31. Plaintiff suffered injury in fact and has lost money or property as a result of the acts of unfair competition described above.

32. Plaintiff is informed and believe that the illegal conduct alleged herein is continuing and that Defendants will not voluntarily cease such unless restrained by the Court.

33. WHEREFORE, Plaintiff respectfully requests that this Court grant such relief, including equitable relief, as is specified in the below Prayer for Relief.

1                              **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray for

3 the following:

4         A.     Actual damages in an amount according to proof, but at a minimum amounting to

5 the $25,000 threshold for unlimited jurisdiction matters;

6         B.     Statutory damages of $1,000 under the FDCPA at 15 U.S.C. § 1692k;

7         C     Statutory damages of $500 per phone call in violation of the TCPA, pursuant to 47

8 U.S.C. § 227(b)(3);

9         D.     Treble damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

10         E.     An order enjoining Defendants from continuing the practices at issue in this

11 litigation.

12         F.     An order granting attorney's fees and costs of suit;

13         G.     An order granting such other and further relief as the Court may deem just and

14 proper.

15                            **DEMAND FOR JURY TRIAL**

16       Plaintiff demands a trial by jury on all matters for which a jury trial is guaranteed.

17

18

19 Dated: August 23, 2013

20                         Ian D. Chowdhury (Bar No. 199018)

21                         Law Office of Ian Chowdhury
                            8853 Fullbright Avenue

22                         Winnetka, CA 91306
                            Telephone: (818) 407-0510

23                         Facsimile: (818) 337-2215
                            Email: ian@ianchowdhury.com

24                         Attorneys for Plaintiff

25                         Frank Miller

26

27

28

MILLER V. EDGEWATER ET AL.                                     7

Exhibit B

1 | TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
2 | LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
3 | SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
4 | San Francisco, CA 94104-4816
Telephone: (415) 283-1000
5 | Facsimile:   (415) 352-2625

6

7 | Attorneys for Defendant
Edgewater Consulting Group, LLC

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | FRANK MILLER,                        )   CASE NO.:
                                         )
12 |                                     )
            Plaintiff,                   )   **CONSENT TO REMOVAL BY**
13 |                                     )   **DEFENDANT PIONEER CREDIT**
                                         )   **RECOVERY, INC.**
14 |        vs.                          )
                                         )
15 |                                     )
                                         )
16 | EDGEWATER CONSULTING                )
     GROUP, LLC, DBA EDGEWATER          )
17 | FINANCIAL SERVICES; PIONEER         )
     CREDIT RECOVERY, INC.; and         )
18 | DOES 1-100, Inclusive,              )
                                         )
19 |        Defendants.                  )
                                         )
20 | _____ )

21

22

23

24

25

26

27

28

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD,

2  PLEASE TAKE NOTICE THAT:

3  WHEREAS, on August 27, 2013, a complaint was filed against defendants

4  Edgewater Consulting Group, LLC, dba Edgewater Financial Services, and Pioneer

5  Credit Recovery, Inc., by plaintiff Frank Miller in the action pending in the

6  Superior Court of the State of California in and for the County of Los Angeles,

7  entitled *Miller v. Edgewater Consulting Group, LLC, et al.,* Case No. KC066277.

8  WHEREAS, this action is a civil action of which this Court has original

9  jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court

10 pursuant to the provisions of 28 U.S.C. § 1441(a), given that the Complaint asserts

11 claims against Defendants, which arise under federal law, specifically, the Fair

12 Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Telephone

13 Consumer Protection Act, 47 U.S.C. § 227(b), *et seq.*;

14 WHEREAS, defendant Edgewater Consulting Group, LLC, dba Edgewater

15 Financial Services seeks to remove this action to this Court, and

16 THEREFORE, defendant Pioneer Credit Recovery, Inc. hereby consents to

17 the removal of this action.

18

19 DATED: November 6, 2013          On Behalf Of Pioneer Credit Recovery, Inc.

20

21

22 By:   s/Kevin Dreyer
          Kevin Dreyer

23        Managing Director and Associate
          General Counsel for Sallie Mae, Inc.
          *(as authorized 11/06/2013)*

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____S. James Otero_____ and the assigned Magistrate Judge is _____Suzanne H. Segal_____.

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-8235-SJO (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 6, 2013_____
Date

By  MDAVIS
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**